# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAJESH MAHESH PATHAK,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-01884-KES-EPG-HC

FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE

ORDER DIRECTING CLERK OF COURT TO FILE PAGES 17 THROUGH 74 OF THE PETITION AS A SUPPLEMENT IN PATHAK V. CHESTNUT, NO. 1:26-CV-01829-JLT-SAB

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the undersigned recommends that this action be dismissed as duplicative of Pathak v. Chestnut, No. 1:26-cv-01829-JLT-SAB.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

---

[1] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" Adams, 487 F.3d at 688 (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." Adams, 487 F.3d at 689. See also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688.

Petitioner has two habeas petitions pending before this Court. On March 6, 2026, Petitioner filed a § 2241 petition that is proceeding in Pathak v. Chestnut, No. 1:26-cv-01829-JLT-SAB. The second § 2241 petition is the instant matter, No. 1:26-cv-01884-KES-EPG, and was filed on March 9, 2026. (ECF No. 1.) In both petitions, Petitioner challenges his immigration detention. Generally, "where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888–90 (9th Cir. 2008). However, the petitions are identical with the exception that Petitioner has provided additional attachments with the later-filed petition. Thus, construing the later-filed petition as a motion to amend would serve no purpose.

///

2

Accordingly, the Court finds the instant case to be duplicative of <u>Pathak v. Chestnut</u>, No. 1:26-cv-01829-JLT-SAB, and it should be dismissed.

## II.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as duplicative of <u>Pathak v. Chestnut</u>, No. 1:26-cv-01829-JLT-SAB.

Further, the Clerk of Court is DIRECTED to file pages 17 through 74 of the petition (ECF No. 1 at 17–74) as a supplement in <u>Pathak v. Chestnut</u>, No. 1:26-cv-01829-JLT-SAB.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 11, 2026**                    /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

3